UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MYSTIC BLUE YACHT, LLC,

    Plaintiff,

v.

No. 9:25-cv-80326-DMM

AB VOLVO PENTA and VOLVO PENTA
OF THE AMERICAS, LLC,

    Defendants.

**DEFENDANT VOLVO PENTA OF THE AMERICAS, LLC'S
ANSWER TO COMPLAINT**

Defendant, Volvo Penta of the Americas, LLC ("VP Americas"), by and through its undersigned counsel, hereby respond to the allegations of Plaintiff, Mystic Blue Yacht, LLC's ("Mystic Blue" or "Plaintiff") Complaint ("Complaint"), and asserts the following answers, defenses, and counterclaims. To the extent not specifically admitted or specifically qualified below, all remaining allegations of the Complaint are denied.

**JURISDICTION, VENUE AND PARTIES**

1. The allegations set forth in Paragraph 1 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 1 and denies that it is liable in this action.

2. VP Americas admits only that Plaintiff brings this action alleging jurisdiction under the Magnuson-Moss Warranty Act, 15 USC § 2301, et al., and 28 USC § 1332. VP Americas lacks sufficient knowledge to admit or deny whether this Court has jurisdiction pursuant to 15 USC § 2301, et al., and 28 USC § 1332 and therefore denies same. VP Americas denies all

1

remaining allegations contained in Paragraph 2 and denies that Plaintiff is entitled to damages in this action.

3. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 and therefore denies same.

4. Admitted.

5. Admitted.

6. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6 and therefore denies same.

7. Denied as phrased.

8. VP Americas admits only that it conducts business in the State of Florida through its network of authorized dealers and servicers. VP Americas denies all remaining allegations contained in Paragraph 8.

9. The allegations set forth in Paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 9.

10. Denied.

11. Denied.

## FACTUAL BACKGROUND

12. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13. Admitted only that Mystic Blue was built in Turkey and sold and delivered to Plaintiff in the State of Florida. VP Americas lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13 and therefore denies same.

14. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14 and therefore denies same.

15. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 15 and therefore denies same.

16. Denied as phrased.

17. Admitted only that Exhibit A attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 17 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 17 are denied.

18. Denied as phrased.

19. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19 and therefore denies same.

**WARRANTY**

20. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21. Admitted only that Exhibit B attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 21 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 21 are denied.

22. Admitted only that Exhibit B attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 22 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 22 are denied.

23. Admitted only that Exhibit B attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 23 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 23 are denied.

24. Admitted only that Exhibit C attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 24 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 24 are denied.

25. Admitted only that Exhibit C attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 25 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 25 are denied.

26. Admitted only that Exhibit C attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 26 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 26 are denied.

27. Denied as phrased.

**THE ENGINE PROBLEMS**

Initial Engine Issues – October 2024

28. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28 and therefore denies same.

29. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 29 and therefore denies same.

HCU Issues

30. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 30 and therefore denies same.

31. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 31 and therefore denies same.

32. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32 and therefore denies same.

33. VP Americas admits only that it rejected the HCU reprogramming work as warranty work. VP Americas denies as phrased all remaining allegations contained in Paragraph 33.

34. VP Americas admits only that it reclassified the Vessel to fall under the Commercial Warranty instead of the Leisure Warranty due to Plaintiff's chartering of the Vessel. VP Americas denies as phrased all remaining allegations contained in Paragraph 34.

35. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35 and therefore denies same.

36. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36 and therefore denies same.

<u>Additional Engine Issues</u>

37. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37 and therefore denies same.

38. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38 and therefore denies same.

39. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39 and therefore denies same.

<u>Warranty Work Communications</u>

40. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40 and therefore denies same.

41. Paragraph 41 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 41 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

42. Denied.

<u>**COUNT I**</u>
<u>**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**</u>
<u>**SECTION 2302(a)**</u>

43. VP Americas repeats and realleges its answers to the allegations in Paragraphs 1-42 above as though fully set forth herein.

44. The allegations set forth in Paragraph 44 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 44.

45. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 45 and therefore denies same.

46. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 46 and therefore denies same.

47. Denied as phrased.

48. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 48 and therefore denies same.

49. The allegations set forth in Paragraph 49 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 49.

50. The allegations set forth in Paragraph 50 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 50.

51. Paragraph 51 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 51 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

52. Paragraph 52 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 52 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

53. Paragraph 53 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 53 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

54. Denied.

55. The allegations set forth in Paragraph 55 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 55.

56. Admitted only that Exhibit D attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 56 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 56 are denied.

57. The allegations set forth in Paragraph 57 constitute legal conclusions to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 57.

58. Denied.

59. Paragraph 59 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining

allegations of Paragraph 59 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

60. Denied.

61. Denied.

62. Denied as phrased.

63. Denied as phrased.

64. Denied.

65. Denied.

66. Denied as phrased.

67. Denied as phrased.

68. Denied.

69. Denied.

## COUNT II
## BREACH OF WARRANTY

(Reclassification from Leisure to Commercial)

70. VP Americas repeats and realleges its answers to the allegations in Paragraphs 1-42 above as though fully set forth herein.

71. Admitted only that Exhibit A attached to the Complaint speaks for itself. VP Americas denies the remaining allegations of Paragraph 71 to the extent that they attempt to characterize the contents, meaning, or interpretation of this written document which speaks for itself. All remaining allegations contained in Paragraph 71 are denied.

72. Denied.

73. Denied as phrased.

74. Denied as phrased.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT III
## FRAUDULENT MISREPRESENTATION

(Statements regarding applicability of Leisure Warranty v. Commercial Warranty)

79. VP Americas repeats and realleges its answers to the allegations in Paragraphs 1-42 above as though fully set forth herein.

80. Paragraph 80 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 80 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

81. Paragraph 81 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 81 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

82. Denied.

83. Denied.

84. Paragraph 84 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 84 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

85. Denied.

86. Denied.

87. VP Americas notes that the statements contained in Paragraph 87 purport to be a quotation from 16 C.F.R. § 700.8. VP Americas refers to the entire statutory text for its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 87.

88. Denied.

89. Denied.

90. Denied as phrased.

91. Denied as phrased.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

(Statements regarding applicability of Leisure Warranty v. Commercial Warranty)

96. VP Americas repeats and realleges its answers to the allegations in Paragraphs 1-42 above as though fully set forth herein.

97. Paragraph 97 of the Complaint does not contain an allegation to which a response is required. However, to the extent a response is required, VP Americas states that written correspondence between the parties speaks for itself, and VP Americas denies the remaining allegations of Paragraph 97 to the extent they attempt to characterize the contents, meaning, or interpretation of this written correspondence which speaks for itself. To the extent a further response to this paragraph is deemed required, all allegations are denied.

98. Denied.

99. Denied as phrased.

100. VP Americas notes that the statements contained in Paragraph 100 purport to be a quotation from 16 C.F.R. § 700.8. VP Americas refers to the entire statutory text for its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT V
## FRAUDULENT MISREPRESENTATION
(Statements regarding HCUs/DockMate)

106. VP Americas repeats and realleges its answers to the allegations in Paragraphs 1-42 above as though fully set forth herein.

107. Denied as phrased.

108. Denied.

109. Denied.

110. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 110 and therefore denies same.

111. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 111 and therefore denies same.

112. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 112 and therefore denies same.

113. VP Americas lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 113 and therefore denies same.

114. Denied.

115. Denied as phrased.

116. Denied as phrased.

117. Denied as phrased.

118. Denied.

119. VP Americas notes that the statements contained in Paragraph 119 purport to be a quotation from 16 C.F.R. § 700.10(c). VP Americas refers to the entire statutory text for its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 119.

120. VP Americas notes that the statements contained in Paragraph 120 purport to be a summarization of a FTC Ruling. VP Americas refers to the entire Federal Register for its entire context and meaning. This allegation is a legal conclusion to which no response is required. To the extent that a response is required, VP Americas denies the allegations in Paragraph 120.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## **AD DAMNUM**

VP Americas denies that Plaintiff is entitled to any of the relief requested and prays that Plaintiff's prayer for relief be denied in its entirety. VP Americas further prays that judgment be entered for it and that the Court granted VP Americas such other and further relief as it deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

Each and every cause of action in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Right to Offset)**

To the extent that VP Americas is held liable for any damages ultimately awarded to Plaintiff, the determination of the amount of damage must be offset / set-off by amounts recovered by Plaintiff in any settlements made with other parties, if any.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Waiver)**

By reason of its own actions, Plaintiff has waived any right to seek damages pursuant to any purported cause of action stated against VP Americas.

### **FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### **FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

If Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by its own acts and omissions, it has failed to properly mitigate such damages.

### SEVENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

To the extent Plaintiff has incurred any damages, which VP Americas expressly denies, such alleged damages were not proximately or legally caused by VP Americas.

### EIGHTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

(Misuse)

If it is revealed that the alleged non-conformities, the existence of which are denied, are the result of an accident, misuse, misapplication, alteration, improper installation, storage damage, negligence or modification, then Plaintiff's recovery is barred.

### TENTH AFFIRMATIVE DEFENSE

(Unforeseeable Misuse)

Plaintiff's claimed damages were caused, in whole or in part, by abuse and/or misuse of the product in an unforeseeable and unintended fashion, which bars Plaintiff from any recovery against a manufacturer or distributor.

### ELEVENTH AFFIRMATIVE DEFENSE

(Misuse by Third Parties)

Plaintiff's claimed damages were caused, in whole or in part, by the negligent or otherwise improper conduct of other third parties.

### TWELFTH AFFIRMATIVE DEFENSE

(Product Modified)

To the extent the product was modified, altered, or otherwise tampered with in an unforeseeable manner after it left the possession and control of VP Americas, then Plaintiff's recovery is barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Intervening Parties)

Plaintiff's claimed damages were the result of intervening acts of persons or entities over whom VP Americas had no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Collateral Sources)

To the extent any damages are awarded to compensate Plaintiff for losses sustained, the existence of which VP Americas denies, the Court must reduce the amount of any such award by the total of all amounts which have been paid for the benefit of Plaintiff or which are otherwise available to it from any collateral source.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Substantial Impairment)

The alleged non-conformities, the existence of which is denied, do not substantially impair the use and value of the subject product.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Plaintiff's purported injuries and damages, if any, were caused in whole or in part by Plaintiff's own negligence or other improper conduct, and therefore, the doctrine of comparative negligence applies to bar and/or reduce Plaintiff's recovery, if any. For instance, Plaintiff failed to exercise due care when maintaining the Subject Vessel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Reasonable Opportunity to Repair)

Plaintiff did not provide VP Americas with a reasonable opportunity to repair any alleged defects and to perform on any applicable warranty, and therefore Plaintiff is barred from recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Accord/Satisfaction)

If any events arising during the applicable limited warranty period did occur, those events were timely remedied and repaired and thus, Plaintiff's claims for breach of the applicable Limited Warranty(ies) are barred.

## NINETEENTH AFFIRMATIVE DEFENSE

(Limitations of Remedies)

Plaintiff's remedies are limited by the terms of the contract and the applicable Limited Warranty(ies). The terms of the applicable sales contracts and the applicable Limited Warranty(ies) disclaim any implied warranties of merchantability or fitness, barring Plaintiff's claims.

## **RESERVATION OF RIGHTS AND DEFENSES**

VP Americas reserves all rights to allege additional defenses as this action progresses and

additional facts become known through discovery or otherwise.

Dated this 11th day of April, 2025.

                                           **HUSCH BLACKWELL LLP**
*Attorneys for Defendant Volvo Penta of the Americas, LLC*

*/s/ Erica Conklin Baines*
Erica Conklin Baines
Florida Bar No. 58121
120 South Riverside Plaza, Suite 2209
Chicago, IL 60606
(312) 526-1551
erica.baines@huschblackwell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April 2025, I caused the foregoing to be filed electronically with the Clerk of the Court, and therefore served upon all counsel of record.

*/s/ Erica Conklin Baines*
Erica Conklin Baines, Esq.